ORIGINAL
FILED

07 NOV -9 AM 10: 55

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  William C. Wilka (CA Bar No. 79667)
2  Dudnick, Detwiler, Rivin & Stikker, LLP
   351 California Street, 15th Floor
3  San Francisco, California 94104
   (415) 982-1400
4
5  Louis W. Diess, III
   ldiess@mccarronlaw.com
6  McCarron & Diess
   4900 Massachusetts Avenue, N.W., Suite 310
7  Washington, D.C. 20016
   (202) 364-0400
8
9  Attorneys for Plaintiff

10            IN THE UNITED STATES DISTRICT COURT
11         FOR THE NORTHERN DISTRICT OF CALIFORNIA

12  LEE-RAY TARANTINO CO., INC., d/b/a          :
    GOLDEN STATE PRODUCE CO.                    :
13  P.O. Box 2408                               :
14  Golden State Produce Terminal               :
    131 Terminal Ct.                            :
15  South San Francisco, California 94083        :
    (650) 873-9432                              :
16                                              :
                                                :     C 07      5705
17              Plaintiff                        :
                                                :
18       v.                                      :     Civil Action No: _____
                                                :
19  THEODORAS KOLIATSIS, d/b/a/                 :     COMPLAINT
20  4TH & GEARY FARMERS MARKET                  :     (To Enforce Payment      CW
    3931 Geary Boulevard                        :     From Produce Trust)
21  San Francisco, California 94118             :
    (415) 831-1067                              :
22                                              :
23              Defendant                        :

24       Lee-Ray Tarantino Co., Inc., d/b/a Golden State Produce Co. ("plaintiff"), for its

25  complaint against defendant alleges:

26

27

28

## JURISDICTION AND VENUE

1.      Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(5) (hereafter "the PACA"), and 28 U.S.C. §1331.

2.      Venue in this District is based on 28 U.S.C. §1391 in that (a) plaintiff's claim arose in this District and (b) defendant's principal place of business is in this District.

## PARTIES

3.      Plaintiff, a California corporation with its principal place of business in South San Francisco, California, is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce and was at all times pertinent herein, a dealer subject to and licensed under the provisions of the PACA as a dealer.

4.      a.      Defendant, Theodoras Koliatsis, an individual doing business as 4th & Geary Farmers Market ("4th & Geary"), in San Francisco, California, is engaged in the business of buying wholesale quantities of produce in interstate commerce and was at all times pertinent herein, a dealer subject to license under the provisions of the PACA as a dealer.

## GENERAL ALLEGATIONS

5.      This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. §499e(c).

6.      Between July 20, 2007 and November 2, 2007, plaintiff sold and delivered to defendant, in interstate commerce, wholesale amounts of produce worth $328,344.36, which remains unpaid.

7.      Defendant accepted the produce from plaintiff.

8.     At the time of receipt of the produce, plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers.  The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of defendant since the creation of the trust.

9.     Plaintiff preserved its interest in the PACA trust in the amount of $328,344.36 by sending invoices to defendant containing the language required by 7 U.S.C. §499e(c)(4), and remains a beneficiary until full payment is made for the produce.

10.     Defendant has not disputed the debt in any way and has repeatedly promised to pay, but has not done so in direct violation of the trust provisions of the PACA. In addition, defendant has tendered four checks to plaintiff in the aggregate amount of $76,000.00 in partial payment for the produce supplied by plaintiff, all of which have been returned by the bank for insufficient funds.

11.     Defendant's failure and refusal to pay plaintiff and the passing of four (4) insufficient funds checks demonstrate that defendant is failing to maintain sufficient assets in the statutory trust to pay plaintiff and is dissipating trust assets.

## Count 1

### (Failure to Pay Trust Funds)

12.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

13.     The failure of defendant to make payment to plaintiff of trust funds in the amount of $328,344.36 from the statutory trust is a violation of PACA and PACA regulations, and is unlawful.

WHEREFORE, plaintiff requests an order enforcing payment from the trust by requiring immediate payment of $328,344.36 to plaintiff.

Count 2

(Failure to Pay For Goods Sold)

14.    Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

15.    Defendant failed and refused to pay plaintiff $328,344.36 owed to plaintiff for produce and other items received by defendant from plaintiff.

WHEREFORE, plaintiff requests judgment in the amount of $328,344.36 against the defendant.

Count 3

(Unlawful Dissipation of Trust Assets by
a Corporate Official – Theodoras Koliatsis)

16.    Plaintiff incorporates each and every allegation set forth in paragraph 1 to 15 above as if fully set forth herein.

17.    Defendant, Theodoras Koliatsis, was in a position of control over the PACA trust assets belonging to plaintiff.

18.    Defendant, Theodoras Koliatsis, failed to fulfill his statutory duties to preserve PACA trust assets and pay plaintiff for the produce supplied.

19.    Defendant, Theodoras Koliatsis' failure to maintain PACA trust assets and pay plaintiff for the produce it supplied was an unlawful dissipation of trust assets.

20.    As a result of said unlawful dissipation of trust assets, plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

Complaint (To Enforce Payment from Produce Trust) - 4

WHEREFORE, plaintiff requests judgment against defendant under the trust provisions of PACA.

## Count 4

### (Interest and Attorney's Fees)

21.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 20 above as if fully set forth herein.

22.     Defendant's failed to make full payment promptly of $328,344.36 and plaintiff has lost the use of said money.

23.     As a result of defendant's failure to make full payment promptly of $328,344.36, plaintiff has been required to pay attorney's fees and costs in order to bring this action to require defendant to comply with their statutory duties.

24.     PACA and the invoices of plaintiff entitle plaintiff to recover prejudgment interest at the rate of 18% per annum and attorney's fees incurred to collect any balance due from defendant.

WHEREFORE, plaintiff requests judgment against each of the defendant, jointly and severally, for prejudgment interest, costs and attorneys fees.

Dated this 9th day of November, 2007

DUDNICK, DETWILER, RIVIN & STIKKER, LLP

By: _William C Wilka_

William C. Wilka (CA Bar No. 79667)
351 California Street, 15th Floor
San Francisco, California 94104
(415) 982-1400

And

McCARRON & DIESS
Louis W. Diess, III
4900 Massachusetts Ave., N.W.
Washington, DC 20016
(202) 364-0400
Attorneys for Plaintiff