William C. Wilka (CA Bar No. 79667)
Dudnick, Detwiler, Rivin & Stikker, LLP
351 California Street, 15th Floor
San Francisco, California 94104
(415) 982-1400

Louis W. Diess, III
ldiess@mccarronlaw.com
McCarron & Diess
4900 Massachusetts Avenue, N.W., Suite 310
Washington, D.C. 20016
(202) 364-0400

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE-RAY TARANTINO CO., INC., d/b/a GOLDEN STATE PRODUCE CO.   ) ) ) ) | Civil Action No: _____ CW |
| Plaintiff ) | |
| ) | **MEMORANDUM OF POINTS** |
| v. ) | **AND AUTHORITIES** |
| ) | **IN SUPPORT OF EX PARTE** |
| THEODORAS KOLIATSIS, d/b/a/ ) | **APPLICATION FOR** |
| 4TH & GEARY FARMERS MARKET ) | **TEMPORARY RESTRAINING** |
| ) | **ORDER AND ORDER TO SHOW** |
| Defendant ) | **CAUSE RE PRELIMINARY** |
| ) | **INJUNCTION** |

Plaintiff, Lee-Ray Tarantino Co., Inc. d/b/a Golden State Produce, submits this memorandum in support of its Application for Temporary Restraining Order Without Notice and Order to Show Cause Why a Preliminary Injunction Should Not Issue pursuant to Fed. R. Civ. P. 65 and Preliminary Injunction. Submitted herewith in support of plaintiff's applications are the declaration of the representative of plaintiff and the certification of plaintiff's attorney as to why notice is not required.

## INTRODUCTION

Plaintiff is engaged in the business of selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce.

Defendant, Theodoras Koliatsis, an individual doing business as 4th & Geary Farmers Market ("4th & Geary"), in San Francisco, California, and is and was at all times pertinent herein, a dealer of produce subject to license under the Perishable Agricultural Commodities Act, 7 U.S.C. §499a, et seq., ("PACA").

Plaintiff seeks enforcement of the statutory trust established under the PACA, 7 U.S.C. §499e(c), and the regulations issued pursuant thereto, 7 CFR Part 46, 49 Fed. Reg. 45735 (Nov. 20, 1984) (the "PACA regulations"). The Court's jurisdiction is invoked pursuant to 7 U.S.C. §499e(c)(5)(I).

## THE PACA TRUST

The PACA was enacted in 1930 to "suppress unfair and fraudulent practices in the marketing of fruits and vegetables in interstate and foreign commerce" and "provides a code of fair play . . . and aid to [agricultural] traders in enforcing their contracts." 49 Fed. Reg at 45737.

In 1984, the PACA was amended to assure that suppliers of produce are paid by imposing a <u>statutory trust</u> on all produce-related assets, such as the produce itself or other products derived there from, as well as any receivables or proceeds from the sale thereof, held by agricultural merchants, dealers and brokers. 7 U.S.C. §499e(c)(2). <u>Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.</u>, 222 F.3d 132 (3rd Cir. 2000); <u>Frio Ice, S.A. v. Sunfruit, Inc.</u>, 918 F.2d 154 (11th Cir. 1990). The trust must be maintained

for the benefit of the unpaid suppliers, sellers or agents who provided the commodities until full payment has been made. Id. The trust provisions thus offers sellers of produce, "a self-help tool that will enable them to protect themselves against the abnormal risk of losses resulting from slow-pay and no-pay practices by buyers or receivers of fruits and vegetables." 49 Fed. Reg. at 45737.

Failure to maintain the trust and make full payment promptly to the trust beneficiary is unlawful. 7 U.S.C. §499b(4). Produce dealers "are required to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities[,]" and any act or omission inconsistent with this responsibility, including dissipation of trust assets, is proscribed. 7 CFR §46.46(e)(1). Dissipation of trust assets, defined as the diversion of trust assets or the impairment of a seller's right to obtain payment (7 CFR §46.46(b)(2)), is forbidden. 7 CFR §46.46(e)(l).

ENTITLEMENT TO TEMPORARY
RESTRAINING ORDER

Rule 65(b) of the Federal Rules of Civil Procedure sets forth the standard under which a temporary restraining order may be issued without notice.

A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by declaration or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

In this case, plaintiff, through the declaration of its representative, as well as the Certification of Counsel, has demonstrated that: a) it is a produce dealer and creditor of defendant under PACA; b) it has not been paid for the $328,344.36 worth of produce that it sold to defendant; c) defendant has tendered four (4) checks to plaintiff in the aggregate amount of $76,000.00 in partial payment for the produce supplied by plaintiff, which were returned by the bank due to insufficient funds; and d) giving defendant notice before entry of a Temporary Restraining Order will allow defendants to further dissipate PACA trust assets pending a hearing.

Such notice will only provide defendant with advance warning that an order may be entered, thereby giving time to defendant to: a) sell or transfer trust assets; and/or b) make further payments of trust assets to liquidate personal liabilities or pay preferred non-trust creditors prior to the entry of the order. Thus, a further loss of trust assets would result if there is notice. Since it is all but impossible to recover trust assets once there has been dissipation, H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code Cong. & Admin. News, 405, 411, Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc., supra, p. 140; J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc., 98 B.R. 47, 50 (Bkrtcy. N.D. Fla. 1989), the loss to plaintiff and other trust creditors would be irreparable. DiMare Fresh Fruit v. Thomas J. Gatziolis & Co., 774 F.Supp. 449 (N.D. Ill. 1991); Gullo Produce Co., Inc. v. Jordan Produce Co., Inc., 751 F.Supp. 64 (W.D. Pa. 1990).

In addition, defendant has the power to obtain immediate dissolution of the Temporary Restraining Order by payment to plaintiff of the trust moneys that are owed. Alternatively, a prompt hearing will be held on plaintiff's motion for preliminary

injunction, and defendant can file an immediate application to dissolve the temporary restraining order under Rule 65(b). In the meantime, the status quo is maintained because no assets can be transferred or dissipated.

Case law supports plaintiff's entitlement to an immediate injunction requiring non-dissipation of trust assets when the produce supplier is not paid. Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc., supra, p. 140 (irreparable injury established and injunction should issue upon a showing that the trust was depleted and payment was not readily forthcoming); Frio Ice, S.A. v. Sunfruit, Inc., supra, p. 159; ("Upon a showing that the trust is being dissipated or threatened with dissipation, a district court should require the PACA debtor to escrow its proceeds from produce sales, identify its receivables, and inventory its assets."); Dole Fresh Fruit Co. v. United Banana Co., 821 F.2d 106 (2d Cir. 1987); In re Richmond Produce Co., Inc., 112 B.R. 364, 367 (Bkrtcy. N.D. Cal. 1990).

The standard for granting injunctive relief in the Ninth Circuit requires the moving party to show: (1) a strong likelihood of success on the merits; (2) irreparable harm if the relief is not granted; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause to the opposing party; and (4) the issuance of the injunction will not be adverse to the public interest. Regents of University of California v. ABC, Inc., 747 F.2d 511, 515 (9th Cir. 1984); Los Angeles Memorial Coliseum Comm'n v. National Football League, 634 F.2d 1197, 1200 (9th Cir. 1980). The facts in this case show that the plaintiff is entitled to the requested relief.

Finally, no bond should be required because defendant already has $328,344.36 worth of trust assets from plaintiff as security for the issuance of a Temporary Restraining Order.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully submits that its Motion for Temporary Restraining Order Without Notice should be granted.

Dated this 9th day of November, 2007.

DUDNICK, DETWILER, RIVIN & STIKKER, LLP

By: /s/ William C. Wilka
William C. Wilka (CA Bar No. 79667)
351 California Street, 15th Floor
San Francisco, California 94104
(415) 982-1400

and

McCARRON & DIESS
Louis W. Diess, III
4900 Massachusetts Ave., N.W.
Washington, DC 20016
(202) 364-0400

Attorneys for Plaintiff