William C. Wilka (CA Bar No. 79667)
Dudnick, Detwiler, Rivin & Stikker, LLP
351 California Street, 15th Floor
San Francisco, California 94104
(415) 982-1400

Louis W. Diess, III
ldiess@mccarronlaw.com
McCarron & Diess
4900 Massachusetts Avenue, N.W., Suite 310
Washington, D.C. 20016
(202) 364-0400

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

LEE-RAY TARANTINO CO., INC., d/b/a
GOLDEN STATE PRODUCE CO.

    Plaintiff

v.

THEODORAS KOLIATSIS, d/b/a/
4TH & GEARY FARMERS MARKET

    Defendant

Civil Action No: C 07 5705

**ATTORNEY CERTIFICATION WHY NOTICE SHOULD NOT BY REQUIRED PURSUANT TO RULE 65(B)**

The undersigned represents plaintiff in this action to enforce the trust provisions of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499e(c).

Notice of this motion should not be required because notice will afford defendant an opportunity to dissipate trust assets that are required by statute to be held for the benefit of plaintiff, a PACA trust creditor of defendants in the amount of $328,344.36.

Defendants are under a statutory duty to pay promptly for produce from the trust established by statute. Defendants have not disputed the debt in any way and have

failed to pay despite repeated demands. Between September 29, 2007 and October 13, 2007, defendants tendered four (4) checks to plaintiff in the aggregate amount of $76,000.00 in partial payment for the produce which was supplied by the plaintiff. However, all four (4) checks were returned by the bank due to insufficient funds. These facts demonstrate that defendants are failing to maintain sufficient assets in the statutory trust and have dissipated and will continue to dissipate the PACA trust in favor of plaintiff.

Advising defendants of the pendency of this motion will allow defendants to continue to pay non-trust debts with trust assets prior to the hearing in order to avoid serious personal liabilities, such as criminal liability for failure to pay withholding taxes. As noted in the House Report on the PACA trust amendment, once trust assets are dissipated, it is all but impossible to recover them. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411. See also Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc., 222 F.3d 132 (3rd Cir. 2000); J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc., 98 B.R. 47 (Bkrtcy. N.D. Fla. 1989); DiMare Fresh Fruit v. Thomas J. Gatziolis & Co., 774 F.Supp. 449 (N.D. Ill. 1991); and Gullo Produce Co., Inc. v. Jordan Produce Co., Inc., 751 F.Supp. 64 (W.D. Pa. 1990).

Entry of a temporary restraining order without notice guarantees the performance of the statutory duty to preserve and pay trust assets, and prevents any further dissipation pending a further hearing, which can be set forthwith.

Dated this 9th day of November, 2007

        DUDNICK, DETWILER, RIVIN & STIKKER, LLP

        By: /s/ William C. Wilka
        William C. Wilka (CA Bar No. 79667)
        351 California Street, 15th Floor
        San Francisco, California 94104
        (415) 982-1400

        McCARRON & DIESS
        Louis W. Diess, III
        4900 Massachusetts Ave., N.W.
        Washington, DC 20016
        (202) 364-0400
        Attorneys for Plaintiff