William C. Wilka (CA Bar No. 79667)
Dudnick, Detwiler, Rivin & Stikker, LLP
351 California Street, 15th Floor
San Francisco, California 94104
(415) 982-1400

Louis W. Diess, III
ldiess@mccarronlaw.com
McCarron & Diess
4900 Massachusetts Avenue, N.W., Suite 310
Washington, D.C. 20016
(202) 364-0400

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

LEE-RAY TARANTINO CO., INC., d/b/a
GOLDEN STATE PRODUCE CO.
P.O. Box 2408
Golden State Produce Terminal
131 Terminal Ct.
South San Francisco, California 94083
(650) 873-9432

　　　　　　　　　　Plaintiff

　　　v.                                         Civil Action No: C-07-5705 CW

THEODORAS KOLIATSIS, d/b/a               **FIRST AMENDED COMPLAINT**
4TH & GEARY FARMERS MARKET               **(To Enforce Payment**
3931 Geary Boulevard                     **From Produce Trust)**
San Francisco, California 94118
(415) 831-1067

　　　and

YANNOULA KOLIATSIS, d/b/a
4TH & GEARY FARMERS MARKET
3931 Geary Boulevard
San Francisco, California 94118
(415) 831-1067

　　　　　　　　　　Defendants

First Amended Complaint (To Enforce Payment from Produce Trust) - 1

Lee-Ray Tarantino Co., Inc., d/b/a Golden State Produce Co. ("plaintiff"), for its complaint against defendants alleges:

## JURISDICTION AND VENUE

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(5) (hereafter "the PACA"), and 28 U.S.C. §1331.

2. Venue in this District is based on 28 U.S.C. §1391 in that (a) plaintiff's claim arose in this District and (b) defendants' principal place of business is in this District.

## PARTIES

3. Plaintiff, a California corporation with its principal place of business in South San Francisco, California, is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce and was at all times pertinent herein, a dealer subject to and licensed under the provisions of the PACA as a dealer.

4. a. Defendants, Theodoras Koliatsis and Yannoula Koliatsis, individuals doing business as 4th & Geary Farmers Market ("4th & Geary"), in San Francisco, California, are engaged in the business of buying wholesale quantities of produce in interstate commerce and were at all times pertinent herein, dealers of produce subject to license under the provisions of the PACA as dealers.

## GENERAL ALLEGATIONS

5. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. §499e(c).

6. Between July 20, 2007 and November 2, 2007, plaintiff sold and delivered to defendants, in interstate commerce, wholesale amounts of produce worth $328,344.36, which remains unpaid.

First Amended Complaint (To Enforce Payment from Produce Trust) - 2

7. Defendants accepted the produce from plaintiff.

8. At the time of receipt of the produce, plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of defendants since the creation of the trust.

9. Plaintiff preserved its interest in the PACA trust in the amount of $328,344.36 by sending invoices to defendants containing the language required by 7 U.S.C. §499e(c)(4), and remains a beneficiary until full payment is made for the produce.

10. Defendants have not disputed the debt in any way and have repeatedly promised to pay, but have not done so in direct violation of the trust provisions of the PACA. In addition, defendants have tendered four checks to plaintiff in the aggregate amount of $76,000.00 in partial payment for the produce supplied by plaintiff, all of which have been returned by the bank for insufficient funds.

11. Defendants' failure and refusal to pay plaintiff and the passing of four (4) insufficient funds checks demonstrate that defendants are failing to maintain sufficient assets in the statutory trust to pay plaintiff and are dissipating trust assets.

## Count 1

### (Failure to Pay Trust Funds)

12. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

13. The failure of defendants to make payment to plaintiff of trust funds in the amount of $328,344.36 from the statutory trust is a violation of PACA and PACA regulations, and is unlawful.

WHEREFORE, plaintiff requests an order enforcing payment from the trust by requiring immediate payment of $328,344.36 to plaintiff.

### Count 2

(Failure to Pay For Goods Sold)

14. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

15. Defendants failed and refused to pay plaintiff $328,344.36 owed to plaintiff for produce and other items received by defendants from plaintiff.

WHEREFORE, plaintiff requests judgment in the amount of $328,344.36 against the defendants, jointly and severally.

### Count 3

(Unlawful Dissipation of Trust Assets – Theodoras Koliatsis)

16. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 15 above as if fully set forth herein.

17. Defendant, Theodoras Koliatsis, was in a position of control over the PACA trust assets belonging to plaintiff.

18. Defendant, Theodoras Koliatsis, failed to fulfill his statutory duties to preserve PACA trust assets and pay plaintiff for the produce supplied.

19. Defendant, Theodoras Koliatsis' failure to maintain PACA trust assets and pay plaintiff for the produce it supplied was an unlawful dissipation of trust assets.

20. As a result of said unlawful dissipation of trust assets, plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, plaintiff requests judgment against defendant Theodoras Koliatsis under the trust provisions of PACA.

## Count 4

(Unlawful Dissipation of Trust Assets – Yannoula Koliatsis)

21. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 20 above as if fully set forth herein.

22. Defendant, Yannoula Koliatsis, was in a position of control over the PACA trust assets belonging to plaintiff.

23. Defendant, Yannoula Koliatsis, failed to fulfill her statutory duties to preserve PACA trust assets and pay plaintiff for the produce supplied.

24. Defendant, Yannoula Koliatsis' failure to maintain PACA trust assets and pay plaintiff for the produce it supplied was an unlawful dissipation of trust assets.

25. As a result of said unlawful dissipation of trust assets, plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, plaintiff requests judgment against defendant Yannoula Koliatsis under the trust provisions of PACA.

## Count 5

(Interest and Attorney's Fees)

26. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 25 above as if fully set forth herein.

27. Defendants' failed to make full payment promptly of $328,344.36 and plaintiff has lost the use of said money.

28. As a result of defendants' failure to make full payment promptly of $328,344.36, plaintiff has been required to pay attorney's fees and costs in order to bring this action to require defendants to comply with their statutory duties.

29. PACA and the invoices of plaintiff entitle plaintiff to recover prejudgment interest at the rate of 18% per annum and attorney's fees incurred to collect any balance due from defendants.

WHEREFORE, plaintiff requests judgment against each of the defendants, jointly and severally, for prejudgment interest, costs and attorneys fees.

Dated this 21st day of November, 2007

DUDNICK, DETWILER, RIVIN & STIKKER, LLP

By: *William C. Wilka*
William C. Wilka (CA Bar No. 79667)
351 California Street, 15th Floor
San Francisco, California 94104
(415) 982-1400

And

McCARRON & DIESS
Louis W. Diess, III
4900 Massachusetts Ave., N.W.
Washington, DC 20016
(202) 364-0400
Attorneys for Plaintiff

Re: ***Lee-Ray Taratino Co., Inc., d/b/a Golden State Produce Co. v. Theordoras Koliatsis,, d/b/a 4th & Geary Farmers Market***
Court: USDC Northern District - Oakland
Case No: C075705CW

## PROOF OF SERVICE

I declare that I am over the age of 18, not a party to the above-entitled action, and am an employee of **Dudnick Detwiler Rivin & Stikker, LLP** whose address is: 351 California Street, 15th Floor, San Francisco, CA 94103.

On November 21, 2007, I served the following documents:

**First Amended Complaint**

on all interested parties in this case, as follows:

Theodoras and Yannoula Koliatsis (d/b/a 4th & Geary Farmers Market)
3931 Geary Blvd. (at 4th Ave.)
San Francisco, CA 94118

[ X ]   By Federal Express messenger, by placing said document in an envelope addressed as shown below, and dispatching a Federal Express messenger from my place of business with instructions to make delivery to the following during normal business hours, by leaving a true copy thereof with the person whose name is shown or the person who was apparently in charge of that person's office or residence.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 21, 2007 at San Francisco, California.

Dana Hanaman

First Amended Complaint (To Enforce Payment from Produce Trust) - 7